UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HICA Education Loan Corporation,
    Plaintiff,

v.

Case No. 2:13-CV-899
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Norah McCann King

SCOTT D. COHEN,
    Defendant.

## OPINION AND ORDER

This matter is before the Court on HICA Education Loan Corporation's motion for default judgment against Scott D. Cohen. Doc. 6. For the reasons that follow, the motion is **GRANTED**.

I.

According to the complaint, Mr. Cohen, a resident of Ohio, signed two student loan notes in 1990 with Bank One in Merrillville, Indiana. *See* doc. 1 ¶ 5. Plaintiff HICA Education Loan Corporation ("HICA") attaches copies of each note to the complaint—one for $4,818.00, *see* doc. 1-3, and one for $1,931.00, *see* doc. 1-4. HICA, a corporation organized under the laws of South Dakota, then purchased the right to the loans in 2003 from the Student Loan Marketing Association. Doc. ¶ 7; *see* doc. 1-3; doc. 1-4. When the notes came due, HICA avers that, despite demand for payment, Mr. Cohen failed to make all of the necessary payments on them. Accordingly, HICA brought this suit in September of 2013 seeking enforcement of the notes under federal law, specifically the Health Education Assistance Loan ("HEAL") Program. *See* 42 U.S.C. § 292. In its one-count complaint, HICA contends that Mr. Cohen's failure to repay the loans (or respond in any way to demand for payment) violates HEAL. *See* doc. 1 ¶ 10 (citing 42 C.F.R. § 60.8(b)(2), (4)). It specifically contends that Mr. Cohen owes $1,800.39 in unpaid

1

principal on one note and $729.15 in unpaid principal on the other, as well as additional amounts in unpaid interest and late charges. HICA further avers that interest continues to accrue on the unpaid amounts.

By November of 2013, Mr. Cohen had not responded to the complaint. HICA then requested the Clerk to enter default, doc. 4, which the Clerk did on November 4, 2013, doc. 5. Two weeks later, HICA moved for default judgment against Mr. Cohen. Doc. 6. It requests that judgment be entered in its favor in the amount of the unpaid principal, accrued and unpaid interest, and unpaid late charges for each loan. HICA submits the declaration of Robin Zimmermann to support the total amount of damages it seeks. *See* doc. 6-1. Ms. Zimmermann, according to her declaration, is a Senior Litigation Analyst for Sallie Mae, Inc., *id.* ¶ 1, which is Plaintiff's servicing agent, doc. 1 ¶ 2.

## II.

The Court reads HICA's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). According to the Rules of Civil Procedure, a party seeking default must follow a set sequence. A plaintiff must first move for the Clerk to enter default pursuant to Rule 55(a) before a court can determine whether to grant a motion for default judgment. *See O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 352 (6th Cir. 2003). HICA has done so. Doc. 4 (request for default); doc. 5 (Clerk's entry of default). This leaves two issues—liability and damages. *See* Fed. R. Civ. P. 55(b); *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995).

The Court finds that HICA's complaint establishes liability in this case. The applicable HEAL regulation obligated Mr. Cohen to repay each of the loans "in accordance with [their respective] repayment schedule[s]," 42 C.F.R. § 60.8(b)(4), and to "pay all interest charges on

2

the loan[s] as required by the lender or holder," *id.* § 60.8(b)(2). According to the loan documents HICA attached to its complaint, Mr. Scott was required to repay the loans in monthly installments until he fully satisfied his debt. HICA's complaint advances that he has failed to meet these obligations. The Court finds these allegations well-pleaded, which establishes liability in the instance of default judgment. *Antoine*, 66 F.3d at 110 (citing *Kelley v. Carr*, 567 F. Supp. 831, 841 (W.D. Mich. 1983)).

HICA's well-pleaded allegations have established liability, but the company "must still establish the extent of damages." *Id.* Rule 55(b)(2) provides that a district court "may" hold a hearing on a motion for default judgment when necessary to "conduct an accounting," or "determine the amount of damages." In other words, the Rule, "by its terms, allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354 (6th Cir. 2009) (citing *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t was not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.")). The Court finds that a hearing is not necessary in this case to determine damages. Ms. Zimmermann's declaration sufficiently establishes damages and thus does away with the need for a hearing.

Based on its motion, attachments, and on the record, HICA is due the following damages: (1) as to the first note, doc. 1-3, Mr. Cohen owes—$1800.39 in unpaid principal, $48.52 in unpaid interest as of October 24, 2013, $6.22 in unpaid late charges, with interest accruing as of October 24, 2013 at $.15 per day; and (2) as to the second note, doc. 1-4, Mr. Cohen owes—$729.15 in unpaid principal, $19.62 in unpaid interest as of October 24, 2013, $2.52 in unpaid late charges, with interest accruing as of October 24, 2013 at $.06 per day. Pursuant to HICA's motion, the loan contracts, and the applicable statute, the Court awards post-judgment interest at

the contractual rate set forth in the subject HEAL loans. *See* doc. doc. 1-3 at 1 (terms of the first loan); doc 1-4 at 1 (terms of the second loan); 42 U.S.C. § 292d(b) ("The rate of interest prescribed and defined by the Secretary for the purpose of subsection (a)(2)(D) of this section may not exceed the average of the bond equivalent rates of the 91-day Treasury bills auctioned for the previous quarter plus 3 percentage points, rounded to the next higher one-eighth of 1 percent."); *see also* 42 U.S.C. § 292d(d) ("No provision of any law of the United States (other than subsections (a)(2)(D) and (b) of this section) or of any State that limits the rate or amount of interest payable on loans shall apply to a loan insured under this subpart.").

### III.

For the reasons stated, HICA's motion for default judgment against Defendant Scott D. Cohen is **GRANTED**. Doc. 6. The Clerk is **DIRECTED** to enter judgment in accordance with this Opinion and Order.

**IT IS SO ORDERED.**

3-25-2014
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

4